UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
===================================
CHRISTOPHER GUERRERO,

|  |  |
|---|---|
| Plaintiff | Complaint |
| =against= | **07 Civ 3941** |
| THE CITY OF NEW YORK; RAYMOND KELLY as Police Commissioner of the City of New York; and Police Officer BRENDAN DONO, | **JUDGE PAULEY** |
| Defendants. | |

=====================================

Plaintiff as and for a Complaint respectfully alleges:

<u>Jurisdiction and Venue</u>

First: This action is brought pursuant to 18 USC 1983 in that it is alleged that the persons and municipal entities acting under color of state authority have by their actions violated the plaintiff's protection of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, Article I Sec. 6 of the New York State Constitution, and pursuant to the Court's pendant state jurisdiction. Venue is in the Southern District of New York in that the defendants addressse and workplaces are of New York County.

<u>The Parties</u>

Second: At all times hereinafter mentioned the Plaintiff CHRISTOPHER GUERRERO was and still is a citizen of the United States and a resident of Westchester County, New York.

Third: At all times hereinafter mentioned the City of New York was and still is a municipal entity of the State of New York whose employees act in their official capacities under color of state authority; the defendant RAYMOND KELLY was and still is Police Commissioner of the City of New York and the chief executive officer of the Police Department responsible for the supervision and training of police officers of the City of New York; and the defendant BRENDAN M. DONO was and still is a Police Officer employed at the 10th Precinct, New York City Police Department.

<u>As and For a First Cause of Action False Arrest</u>

Fourth: Heretofore, on May 27, 2006, the Plaintiff CHRISTOPHER GUERRERO was arrested at West 40th Street and 11th Avenue in New York County by the Defendant BRENDAN M. DONO on a charge of driving a motor vehicle while intoxicated (NYVehicle & Traffic Law Section 1192.3) and operating a motor vehicle while impaired. (NY Vehicle & Traffic Law Section 1192.1)..

Fifth: That pursuant to established procedures, the arrest was voided on May 27, 2006 because the plaintiff was determined not to be under the influence of intoxicating beverages or drugs..

Sixth: Despite the arrest being voided the defendant, BRENDAN M. DONO, did retain custody of the plaintiff pending appearance before a required judicial tribunal. Subsequent criminal proceedings ended favorable to the Plaintiff. The action by defendant Dono was intentional and the result of negligence of the City ofNew York, the defendant Kelly and his subordinates to properly train and supervise the defendant Dono.

Sixth: By reason whereof the Plaintiff was falsely arrested in violation of the 4th and 14th Amendments to the United Sates Constitution and Article

I Sec. 6 of the New York State Constitution, causing plaintiff emotional distress, costs of defending himself against the said charges all to his damage in the amount of $500,000.00.

<u>As and for a Second Cause of Action, Malicious Prosecution</u>

Seventh:: The Plaintiff repeats and reiterates each and every allegation of Paragraphs First through Seventh as if more fully set forth at length.

Eighth: Heretofore on May 27, 2006 the defendant BRENDAN DONO execute and file a criminal complaint against the Plaintiff thereby instituting a criminal prosecution the plaintiff in Criminal Court New York City, New York County charging the plaintiff with . driving a motor vehicle while intoxicated (NYVehicle & Traffic Law Section ll92.3) and operating a motor vehicle while impaired. (NY Vehicle & Traffic Law Section 1192.1)..

Ninth: The plaintiff did retain and pay legal counsel to defend him against the charges filed by the Defendant DONO, which case ended favorable to the Plaintiff.:

Tenth: The act of executing and filing the criminal court complaint against the Plaintiff was done by the Defendant Dono who knew that the arrest had been voided by established procedure, thereby subjecting the Plaintiff to malicious prosecution in violation of the Fourth, Fifth, Fourteenth Amendments to the United States Constitution and Article 1 Section 6 of the New York Constitution.

Eleventh: The malicious prosecution of the Plaintiff was the result of intention and negligence on the part of the Defendant Dono, which action by defendant Dono was the result of negligence of the City of New York, the defendant Kelly and his subordinates to properly train and supervise the defendant Dono.

Twelfth: By reason whereof the plaintiff was subjected to Malicious Prosecution causing plaintiff emotional distress, costs of defending himself against the said charges all to his damage in the sum of $500,000.00.

<u>As and for a State Pendant Action</u>

Thirteenth:  : Plaintiff repeats and reiterates each and every allegation of paragraphs First through twelfth as if more fully set forth herein at length.

Seventeenth: By reason of the foregoing, the plaintiff was caused emotional distress, costs of defense counsel all to his damage in the sum of $500,000.00.

BY REASON WHEREOF, the Plaintiff CHRISTOPHER GUERRERO requests judgement against the Defendants THE CITY OF NEW YORK, RAYMOND KELLY as Police Commissioner of the City of New York, and Police Officer BRENAN DONO in the sum of $500,000.00 plus reasonable attorney fees for the first cause of action, False Arrest the sum of $500,000.00 plus reasonable attorney fees for the Second Cause of Action Malicious Prosecution and the sum of $500,000.00 for the Pendant Sate Action.

Dated: May 18, 2007          Respectfully Submitted:
                             <u>S/ Ronald Podolsky (RP 3435)</u>
                             Ronald Podolsky
                             Attorney for the Plaintiff
                             400 E. 20th Street
                             New York, N.Y. 10009
                             (212) 460-8218