

JUN 1 2 2007

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**SARAH B. EVANS**
*Assistant Corporation Counsel*
Tel.: (212) 788-1041
Fax: (212) 788-9776

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/15/07

June 11, 2007

**VIA HAND DELIVERY**
Honorable William H. Pauley
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 2210
New York, New York 10007

**MEMORANDUM ENDORSED**

Re: <u>Christopher Guerrero v. City of New York, et al.</u>, 07 CV 3941 (WHP)

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department handling the defense of the above-referenced matter on behalf of defendant City of New York. <u>In that capacity, I write with the consent of plaintiff's counsel, Ronald Podolsky, Esq. to respectfully request a sixty-day enlargement of time, from June 11, 2007 until August 13, 2007, within which the City may answer or otherwise respond to the complaint.</u> This is the City's first request for an enlargement of time.

The complaint alleges that plaintiff was falsely arrested on May 27, 2006 and subsequently maliciously prosecuted. In addition to the City of New York, plaintiff names Police Commissioner Raymond Kelly and Police Officer Brendan Dono as defendants. Before we can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. An enlargement of time will allow this office to forward to plaintiff for execution an authorization for the release of records sealed pursuant to New York Criminal Procedure Law § 160.50. Pursuant to that statute, all records concerning the arrest and prosecution of plaintiff were sealed by court order upon the termination of the criminal action in favor of plaintiff. Defendant cannot obtain these records without the authorization, and

without the records, defendant cannot properly assess this case or respond to the complaint. Accordingly, the City defendant requires this enlargement so that this office may obtain the underlying documentation, properly investigate the allegations of the complaint and fulfill its obligations under Rule 11 of the Federal Rules of Civil Procedure.

Moreover, we must ascertain whether the individuals named in this action have been served with the summons and complaint.[1] If service has been effectuated, then pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent each individual named in this action. Each individual must then decide whether he wishes to be represented by this office. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). If so, we must obtain each individual's written authorization. Only after this procedure has been followed can we determine how to proceed in this case.

In view of the foregoing, it is respectfully requested that the Court grant the within request. Thank you for your consideration.

Respectfully submitted,

Sarah B. Evans (SE 5971)
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Ronald Podolsky, Esq. (By mail)
Attorney for Plaintiff
400 East 20th Street
New York, New York 10009

application granted.
SO ORDERED:

WILLIAM H. PAULEY III U.S.D.J.
6/15/07

---

[1] Upon information and belief, Police Commissioner Kelly and Police Officer Dono have not been served with a copy of the summons and complaint in this action. Without making any representation on behalf of these individuals, assuming service was properly effected, it is respectfully requested that their time to respond to the complaint similarly be enlarged so that their defenses are not jeopardized while representational issues are being decided.