USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/11/2007

AUG 1 0 2007
CHAMBERS OF
WILLIAM H. PAULEY

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**SARAH B. EVANS**
*Assistant Corporation Counsel*
Tel.: (212) 788-1041
Fax: (212) 788-9776

August 9, 2007

**VIA HAND DELIVERY**
Honorable William H. Pauley
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 2210
New York, New York 10007

MEMORANDUM ENDORSED

Re: <u>Christopher Guerrero v. City of New York, et al.</u>, 07 CV 3941 (WHP)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department handling the defense of the above-referenced matter on behalf of defendant City of New York. I write further to my letter dated June 11, 2007 in which City defendant requested and was granted an enlargement of time until August 24, 2007, within which to answer or otherwise respond to the complaint. Defendant initially requested an enlargement of time to afford us the opportunity to conduct an investigation into the facts of the case, investigate service of the complaint and to resolve representation issues. I now write to respectfully request a further enlargement of time for City defendant to answer or otherwise respond to the complaint[1] and for a corresponding adjournment of the initial conference. Plaintiff's counsel, Ronald Podolsky, Esq., consents to these requests.

      The reason for this request is that Rule 11(b)(4) of the Federal Rules of Civil Procedure requires us to make a reasonable inquiry into the allegations contained in the complaint before answering or otherwise responding. In an attempt to do so, we requested a signed authorization from plaintiff for the release of the underlying criminal records sealed pursuant to NYCPL § 160.50 (1)(d) for his arrest on May 27, 2006 and medical releases pertaining to any physical and/or psychological treatment received in connection with the alleged

---

[1] Upon information and belief, Police Officer Dono, who is named as a defendant in the caption of the complaint, has been served with a copy of the summons and complaint. At this date, we are still resolving representation issues pursuant to General Municipal Law § 50-k as to this individual and cannot make a formal appearance on his behalf. Without making any representations on behalf of this individual, assuming service was properly effected, it is respectfully requested that his time to respond to the complaint similarly be enlarged so that his defenses are not jeopardized while representational issues are being decided.

incident. Our first request for the signed authorizations was by letter dated June 4, 2007. Our second request was by letter dated June 13, 2007.

Additionally, because we were not in receipt of signed releases from plaintiff, on August 1, 2007, I wrote to plaintiff to again request that he provide the requested releases no later than August 3, 2007 to avoid Court intervention. Defendant also advised plaintiff that because of his failure to provide the releases, defendant would need to seek a further enlargement of time forty-five (45) days from receipt of these releases to answer or otherwise respond to the complaint, and requested plaintiff's consent to same.

To date, we have still not received the executed unsealing release from plaintiff. Plaintiff's counsel has advised me that he will provide my office with the unsealing release as soon as possible.

As Your Honor is aware, defendant requires the unsealing release in order to obtain any records that may exist concerning the arrest and prosecution of plaintiff, including records from the New York City Police Department. Accordingly, because we cannot adequately respond to the complaint without first accessing the records of the underlying arrest and criminal proceedings, we respectfully request that the Court order plaintiff to provide this office with the executed releases by a date certain so that we may obtain the underlying records and proceed with this litigation. Should the Court grant the within request, the City defendant respectfully requests that the Court grant them forty-five (45) days from receipt of the unsealing release to obtain the relevant documents and submit an answer or otherwise respond to the complaint.

In connection with the above request, <u>defendant also respectfully requests that the Court adjourn the initial conference, which is currently scheduled for August 24, 2007 at 9:45 a.m., to a later date</u>, convenient to the Court, after defendant's answer is due. Plaintiff's counsel has also consented to this request.

In view of the foregoing, it is respectfully requested that the Court grant the within requests. Thank you for your consideration.

Respectfully submitted,

*Sarah B. Evans*

Sarah B. Evans (SE 5971)
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Ronald Podolsky, Esq. (By mail and email)
Attorney for Plaintiff
400 East 20th Street
New York, New York 10009
zubeey@aol.com

*Application granted in part. The conference is adjourned until September 21, 2007 at 11:30 a.m.*

**SO ORDERED:**

*William H. Pauley III*

WILLIAM H. PAULEY III U.S.D.J.
9/10/07