UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

CHRISTOPHER GUERRERO,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, RAYMOND KELLY, Police
Commissioner of the City of New York, Police Officer
BRENDAN DONO,

                              Defendants.

------------------------------------------------------------------- x

**ANSWER TO THE COMPLAINT**

<u>Jury Trial Demanded</u>

07 CV 3941 (WHP)

      The City of New York, Raymond Kelly, and Officer Dono, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

      1.    Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action, the jurisdiction of the Court, and base venue as stated therein.

      2.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the complaint.

      3.    Deny the allegations set forth in paragraph "3" of the complaint, except admit that the City of New York is a municipal entity, Raymond Kelly is Police Commissioner of the New York City Police Department (N.Y.P.D.), and Brendan Dono was employed by the City of New York as a Police Officer in the N.Y.P.D and assigned to the 10th Precinct.

      4.    Deny the allegations set forth in paragraph "4" of the complaint, except admit that on May 27, 2006, plaintiff was arrested and charged with VTL § 1192.3 (operating a motor vehicle while intoxicated) and VTL § 1192.1 (operating a motor vehicle while impaired).

5. Deny the allegations set forth in paragraph "5" of the complaint.

6. Deny the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in the second paragraph numbered "6"[1] of the complaint.

8. In response to the allegations set forth in paragraph "7" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "7" inclusive of this answer, as if fully set forth herein.

9. Deny the allegations set forth in paragraph "8" of the complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

11. Deny the allegations set forth in paragraph "10" of the complaint.

12. Deny the allegations set forth in paragraph "11" of the complaint.

13. Deny the allegations set forth in paragraph "12" of the complaint.

14. In response to the allegations set forth in paragraph "13" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "13" inclusive of this answer, as if fully set forth herein.

15. Deny the allegations set forth in paragraph "17"[2] of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

16. The complaint fails to state a claim upon which relief can be granted.

---

[1] Defendants note that plaintiff has misnumbered the complaint in that there are two separate paragraphs numbered "6." To avoid confusion in answering plaintiff's, defendants have noted this mistake but have not renumbered plaintiff's complaint.

[2] Defendants note that there are no paragraphs numbered "14" through "16" in plaintiff's complaint.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

17. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

18. Any injury alleged to have been sustained was not the proximate result of any act of the defendants and resulted from plaintiff's own culpable or negligent conduct and/or the culpable or negligent or intervening conduct of other persons for whose conduct the defendants are not responsible.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

19. This action is barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

20. There was probable cause to arrest and prosecute plaintiff.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

21. At all times relevant to the acts alleged in the complaint, the duties and functions of municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

22. Plaintiff has failed to comply, in whole or in part, with conditions precedent to suit.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

23. Punitive damages cannot be assessed against the City of New York.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

24. At all times relevant to the acts alleged in the complaint, defendants acted reasonably within their proper and lawful discretion.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

25. The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**WHEREFORE,** defendants City of New York, Raymond Kelly, and Officer Dono request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         October 5, 2007

        MICHAEL A. CARDOZO
        Corporation Counsel of the
         City of New York
        Attorney for Defendants City of New York,
        Raymond Kelly, and Officer Dono
        100 Church Street
        New York, New York 10007
        (212) 788-1041

By: _/s/ Sarah Evans_
    Sarah Evans (SE 5971)
    Assistant Corporation Counsel

TO:   Ronald Podolsky, Esq. (By ECF and mail)
      Attorney for Plaintiff
      400 East 20th Street
      New York, NY 10009

## DECLARATION OF SERVICE BY MAIL

I, Sarah Evans, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on October 5, 2007, I caused to be served the annexed **Answer** upon the following attorney for the plaintiff by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said attorney for the plaintiff at the address set forth below, being the address designated by said attorney for plaintiff for that purpose:

>Ronald Podolsky, Esq.
>400 East 20th Street
>New York, NY 10009

Dated:    New York, New York
          October 5, 2007

*Sarah B. Evans*
Sarah B. Evans
Assistant Corporation Counsel

Index No. 07 CV 3941 (WHP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER GUERRERO,

                        Plaintiff,

-against-

THE CITY OF NEW YORK, RAYMOND KELLY, Police Commissioner of the City of New York, Police Officer BRENDAN DONO,

                        Defendants.

## ANSWER TO THE COMPLAINT

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Sarah Evans*
*Tel: (212) 788-1041*

*Due and timely service is hereby admitted.*

*New York, N.Y.................................................., 200..*

*.................................................................. Esq.*

*Attorney for..............................................................*